IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNIS LEE HAMBLIN,

    Petitioner,                            No. CIV S-10-2109 JAM CHS

    vs.

R.E. BARNES, Warden,

    Respondent.

FINDINGS AND RECOMMENDATIONS

_____ /

I.  INTRODUCTION

           Dennis Lee Hamblin, a state prisoner, proceeds pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Hamblin stands convicted of voluntary manslaughter and an accompanying firearm use enhancement pursuant to a guilty plea as part of a negotiated plea agreement in the Yuba County Superior court, case number F-03-000521. Hamblin claims he suffered an error of constitutional magnitude when the court imposed an upper term sentence for the firearm enhancement based on judicial fact finding.

           The petition, answer, and Hamblin's traverse are before the court and the matter is submitted for decision.  The sentencing claim is without merit.  For the reasons that follow, it is recommended that the petition be denied.

1

1                          II.  FACTUAL AND PROCEDURAL BACKGROUND

2              The victim, Michael Martinez, and Hamblin were friends.  Martinez nevertheless

3    suspected that Hamblin had burglarized his apartment while Martinez was in jail.  On August 14,

4    2003, between 9:00 and 10:00 p.m., an acquaintance drove Martinez to Hamblin's house.

5    Martinez found Hamblin in a neighbor's garage and accused him of committing the burglary.

6    Hamblin denied culpability.  A heated argument ensued, after which Martinez left.

7              Later that night, Martinez and two other men returned to Hamblin's residence. As

8    they drove past his house, Hamblin signaled for them to stop and instructed Martinez to get out

9    of the car. Martinez got out of the car and approached Hamblin.  Martinez reached for his pocket.

10   Hamblin pulled out a semiautomatic firearm and shot Martinez several times, causing him to fall.

11   Martinez got up and attempted to retreat to the car, but Hamblin continued to fire, delivering

12   several more shots at close range including one to the head at point blank range.  Martinez

13   suffered twelve gunshot wounds, six of which were fatal.

14             Hamblin was charged by information with first degree murder and personal

15   discharge of a firearm causing great bodily injury or death.  The matter proceeded to jury trial

16   where Hamblin presented a defense that he believed that Martinez was armed and about to shoot

17   him. An expert testified that individuals in traumatic situations, such as police officers, are often

18   unaware of how many shots they fired in self-defense.  The jury acquitted Hamblin of first degree

19   murder but reached an impasse on lesser included offenses.  The trial court declared a mistrial.

20             Hamblin subsequently pleaded guilty to voluntary manslaughter pursuant to a

21   negotiated agreement and admitted the enhancement alleging personal use of a firearm.  He was

22   sentenced to an aggregate term of sixteen years in state prison, based on the middle term of six

23   years for voluntary manslaughter plus an upper term enhancement of ten years for the use of a

24   firearm.

25             Hamblin appealed to the California Court of Appeal, Third Appellate District,

26   case number C049026 where his conviction and sentence were affirmed.  The California

1   Supreme Court denied a petition for review.  Hamblin sought habeas corpus relief in state court

2   which was likewise denied.  The parties agree that Hamblin exhausted state court remedies with

3   respect to the claim presented.

4   III.  APPLICABLE LAW FOR FEDERAL HABEAS CORPUS

5   An application for writ of habeas corpus by a person in custody under judgment of

6   a state court can be granted only for violations of the Constitution or laws of the United States.

7   28 U.S.C. § 2254(a); *see also Peltier v. Wright*, 15 F.3d 860, 861 (9th Cir. 1993); *Middleton v.*

8   *Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing *Engle v. Isaac*, 456 U.S. 107, 119 (1982)).

9   This petition for writ of habeas corpus was filed after the effective date of, and thus is subject to,

10  the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  *Lindh v. Murphy*, 521

11  U.S. 320, 326 (1997); *see also Weaver v. Thompson*, 197 F.3d 359 (9th Cir. 1999).  Under the

12  AEDPA, federal habeas corpus relief is also precluded for any claim decided on the merits in

13  state court proceedings unless the state court's adjudication of the claim:

14  (1) resulted in a decision that was contrary to, or involved an
    unreasonable application of, clearly established Federal law, as
15  determined by the Supreme Court of the United States; or

16  (2) resulted in a decision that was based on an unreasonable
    determination of the facts in light of the evidence presented in the
17  State court proceeding.

18  28 U.S.C. § 2254(d); see also *Penry v. Johnson*, 532 U.S. 782, 792-93 (2001); *Williams v.*

19  *Taylor*, 529 U.S. 362, 402-03 (2000); *Lockhart v. Terhune*, 250 F.3d 1223, 1229 (9th Cir. 2001).

20  It is the habeas corpus petitioner's burden to show the state court's decision was either contrary

21  to or an unreasonable application of federal law.  *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002).

22  IV.  ANALYSIS OF THE CLAIM

23  Habmlin claims the trial court unconstitutionally imposed an upper term sentence

24  on the firearm use enhancement in violation of the Sixth Amendment, the Fourteenth

25  Amendment, and the rule of *Blakely v. Washington*, 542 U.S. 296 (2004).

26  /////

1    The Sixth Amendment to the United States Constitution guarantees a criminal

2  defendant the right to a trial by jury; this right is applicable to state criminal proceedings through

3  the Fourteenth Amendment.  *Duncan v. Louisiana*, 391 U.S. 145, 149-150 (1968).  In *Apprendi*

4  *v. New Jersey*, 530 U.S. 466 (2000), the United States Supreme Court clarified a defendant's

5  rights under the Sixth Amendment by extending the right to trial by jury to any fact finding used

6  to make enhanced sentencing determinations above the statutory maximum for an offense:

7  "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond

8  the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable

9  doubt."  *Apprendi*, 530 U.S. at 488-90.  Subsequently, in *Blakely v. Washington*, the Court held

10  that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may

11  impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*.

12  *Blakely*, 542 U.S. 296, 303 (2005) (emphasis in original).

13    In this case, however, when Hamblin entered his plea, he waived his

14  constitutional right to have a jury determine the applicability of any sentencing factors used to

15  increase his sentence for voluntary manslaughter or the firearm enhancement beyond the

16  statutory maximum.  Contrary to Hamblin's assertion, the record reflects that he was advised of

17  and waived his right to jury trial on any factors relevant to the sentence enhancement:

18      THE COURT: The law is in a state of flux, Mr. Hamblin.  Do you
           understand you may well have a right to have either a jury or a
19      court trial as to any sentencing factor that may increase your
           sentence on any count or sentencing enhancement?  The range of
20      sentences that are possible for violating Penal Code 192(a) is 3, 6
           or 11 years.  The range of sentences for the enhancement of using
21      the firearm is 3, 4 or 10 years.  There are certain sentencing rules
           and factors that California allows judges to consider.  To the extent
22      you have the right to have either a jury or a court trial to determine
           any of those factors, do you consent to the judge determining the
23      existence or nonexistence of any such sentencing factor within the
           Court's discretion as allowed by the existing statutes and Rules of
24      Court?

25      THE DEFENDANT: Yes, I do, Your Honor.

26  (Clerk's Transcript ("CT") at 404-05.)

1    Hamblin's signed plea agreement appears in the record at pages 393-98.  Therein,

2 he indicated he had been advised of and that he understood he could be sentenced to 11 years for

3 count two (voluntary manslaughter) and, in addition, to 3, 4 or 10 years for the enhancement.

4 Boxes were marked on the plea agreement as follows:

5    (X)    Apprendi/Blakely waiver explained to defendant.  (X)
        Defendant (X) enters (  ) does not enter Apprendi/Blakely
6        waiver.

7 (CT at 394.)

8    Hamblin waived his claim of unconstitutional sentencing premised on the rule of

9 *Apprendi* and *Blakely*.  *See Blakely*, 542 U.S. at 310 ("[N]othing prevents a defendant from

10 waiving his *Apprendi* rights. When a defendant pleads guilty, the State is free to seek judicial

11 sentence enhancements so long as the defendant either stipulates to the relevant facts or consents

12 to judicial factfinding." (citing *Apprendi*, 530 U.S., at 488 and *Duncan*, 391 U.S. 145)).  Hamblin

13 consented to judicial factfinding in his guilty plea.  A defendant who pleads guilty upon the

14 advice of counsel "may only attack the voluntary and intelligent character of the guilty plea by

15 showing that the advice he received from counsel was not within [constitutional] standards."

16 *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).  Hamblin makes no attempt to do so and there is

17 no indication in the record that his plea was involuntary or unintelligent.  No relief is available

18 for this claim of sentencing error.

19                  V.  CONCLUSION

20    For the foregoing reasons, the petition should be denied.  Pursuant to Rule 11 of

21 the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of

22 appealability when it enters a final order adverse to the applicant.  A certificate of appealability

23 may issue only "if the applicant has made a substantial showing of the denial of a constitutional

24 right."  28 U.S.C. § 2253(c)(2).  A substantial showing of the denial of a constitutional right has

25 not been made in this case.

26 /////

1    Accordingly, IT IS HEREBY RECOMMENDED that:

2        1. The petition for writ of habeas corpus be denied; and

3        2. A certificate of appealability not issue.

4    These findings and recommendations are submitted to the United States District

5 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

6 one days after being served with these findings and recommendations, any party may file written

7 objections with the court and serve a copy on all parties.  Such a document should be captioned

8 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

9 within the specified time waives the right to appeal the District Court's order.  *Martinez v. Ylst*,

10 951 F.2d 1153 (9th Cir. 1991).  Any reply to the objections shall be filed and served within seven

11 days after service of the objections.

12 DATED: March 9, 2012

13 _____
   CHARLENE H. SORRENTINO
14 UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26